**RCO Legal, P.S.**
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
James K. Miersma, WSBA# 22062
Phone: 425-586-1948
Fax: 425-283-5948
jmiersma@rcolegal.com

Honorable Judge Paul B Snyder
Hearing Location: Tacoma, Courtroom H
Hearing Date: June 16, 2016
Hearing Time: 9:00 am
Response Date: June 9, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>BRUCELY PENARANDA GOJETIA AND ROWENA MALONG GOJETIA<br><br>Debtors. | **CHAPTER 7 BANKRUPTCY**<br><br>**NO.: 16-41214-PBS**<br><br>**MOTION FOR RELIEF FROM STAY BY WELLS FARGO BANK, NA** |

### I.    Introduction

COMES NOW, Wells Fargo Bank, NA its successors in interest, agents, assigns and assignors ("Creditor") and moves this court for an order terminating the automatic stay, allowing Creditor to proceed with and complete any and all contractual and statutory remedies incident to its security interests held in real property commonly described as 6813 5th Court East, Fife, WA 98424 ("Property"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration on file with the court. Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Debtors via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Creditor further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Creditor's secured position.

Motion For Relief From Stay
Page - 1

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 16-41214-PBS    Doc 12    Filed 05/19/16    Ent. 05/19/16 16:16:33    Pg. 1 of 5

## II. Jurisdiction

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. Standing

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Creditor is a "party in interest", a creditor must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Creditor's claim is based on the Note and Deed attached to the Declaration and on file with the court. Creditor's interest in the Note and Deed is described below.

The Deed acts as the security for the Borrowers' payment on the Note. The Deed is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

The Note is a negotiable instrument as that term is defined by RCW § 62A.3-104. Under the terms of the Note, Borrowers are obligated to pay the instrument according to its terms at the time it was issued. Creditor is entitled to enforce the note under R.C.W. § 62A.3-301.

Under RCW § 62A.3-301(i), the holder of a negotiable instrument is entitled to enforce that instrument. The term "holder" includes the person in possession of a negotiable instrument that is payable to a bearer that is in possession. RCW § 62A.1-201. A note not indorsed to a particular payee is a note "Indorsed in Blank." A note Indorsed in Blank is payable to the bearer and may be transferred by possession alone. RCW § 62A.3-205. The transfer of a note secured by a deed of trust carries with it the security agreement as incident. See *Spencer v. Alki Point Transportation Company*, 53 Wash. 77, 101 P. 509 (Wash. 1909).

Motion For Relief From Stay
Page - 2

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 16-41214-PBS    Doc 12    Filed 05/19/16    Ent. 05/19/16 16:16:33    Pg. 2 of 5

In the case at bar, the Note, together with the Declaration accompanying this motion, establish that Creditor is the holder of the Note indorsed in blank and is thus entitled to enforce the Note and foreclose on the deed of trust. Therefore, Creditor has standing to bring this motion.

### IV. Parties in Interest

On or about May 2, 2013, Rowena M. Gojetia and Brucely P. Gojetia ("Borrowers" collectively herein), executed a note in favor of Pinnacle Capital Mortgage Corporation, a California Corporation with an original principal amount of $256,998.00.

The indebtedness under the note is secured by a deed of trust recorded against the Property.

Brucely Penaranda Gojetia and Rowena Malong Gojetia ("Debtor" collectively hereafter) filed for protection under Chapter 7 of Title 11 of the United States Code on March 23, 2016.

Foreclosure was pending at the time of the bankruptcy filing. The foreclosure sale was originally scheduled for July 8, 2016. The sale will be postponed in compliance with Washington state law pending resolution of the motion for relief from stay.

### V. Default

Debtors are in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. Creditor's loan status reflects payments now owing due on and after August 1, 2015. The following is a breakdown of the default:

| Date of Contractual Payments | Amount | Total |
|---|---|---|
| August 1, 2015 to May 1, 2016 | $1,659.35 | $16,593.50 |
| Late Charges | | $132.74 |
| Less Funds in Suspense | | ($0.00) |
| **Total Default** | | **$16,726.24** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Creditor's counsel directly for a reinstatement quote.

Motion For Relief From Stay
Page - 3

RCO LEGAL, P.S.
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 16-41214-PBS    Doc 12    Filed 05/19/16    Ent. 05/19/16 16:16:33    Pg. 3 of 5

## VI. Estimate of Obligation

The approximate amount owed under the terms of the note is $259,778.53 as of May 9, 2016. The following is an itemization of this approximate amount:

| | |
|---|---|
| Principal Balance | $246,307.24 |
| Accrued Interest | $7,132.38 |
| Pro Rata MIP/PMI | $240.09 |
| Late Charges | $132.74 |
| Estimated Foreclosure Fees | $1,466.82 |
| Escrow Advance | $4,499.26 |
| Less Suspense | ($0.00) |
| **Total Due** | **$259,778.53** |

This total is an approximation of the lien. This estimate is provided only for the purposes of this motion and cannot be relied upon for any other purpose, including tender of payoff. An exact, itemized payoff figure will be obtained from Creditor upon written request to counsel for the Creditor.

Other liens encumbering the Property include a scheduled debt in favor of Clearfirs HOA with an approximate balance owed of $10,841.13.

## VII. Value of the Property

Debtor's sworn schedules value the Property at $200,400.00.

## VIII. Authority

Under 11 U.S.C. § 362 (d)(1), on request of a party in interest, the Court shall terminate, annul, modify or condition the stay for cause, including the lack of adequate protection. Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a

Motion For Relief From Stay
Page - 4

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

Case 16-41214-PBS    Doc 12    Filed 05/19/16    Ent. 05/19/16 16:16:33    Pg. 4 of 5

loss in the event of a decrease in value while the property is encumbered by the automatic stay. Id. at 1400 n.2. In determining the amount of value in property, the likely costs of sale or liquidation must be considered. In re Faires, 34 Bankr. 549, 550 (Bankr. W.D. Wash. 1983). In the case at bar, considering the value of the Property, Creditor's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and thus Creditor lacks adequate protection.

Under 11 U.S.C § 362(d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the Property and the Property is not necessary for an effective reorganization. In the case at bar, the value of encumbrances, including all liens and costs of liquidation, together with available exemptions, exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order on Relief from Stay will not adversely affect the prospects of reorganization.

Under 11 U.S.C. § 362(d)(1), cause to terminate the automatic stay exists in Debtor's continued failure to make payments towards the obligation. In this case Debtors has failed to make the required payments as due under the terms of the note and thus there is cause to lift the stay.

### IV. Conclusion

THEREFORE, Creditor requests this Court enter an order terminating the automatic stay pursuant to 11 U.S.C. § 362 and that Creditor be allowed to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interests held in the Property.

DATED this __19th__ day of ___May_____, 2016.

**RCO LEGAL, P.S.**

By: __/s/ James K. Miersma__
James K. Miersma, WSBA# 22062
Attorneys for Creditor

Motion For Relief From Stay
Page - 5

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131